## SARGENT *v.* BURGESS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 127. Argued December 12, 13, 1888. — Decided January 7, 1889.

Claim 3 of letters patent No. 223,338, granted to John M. Gorham, January 6th, 1880, for an improvement in wash-board frames, namely, " 3. In combination with a wash-board, a protector located below the crown-piece and between the side pieces of the wash-board frame, and constructed to fold down into or upon said wash-board even with or below the general plane of said wash-board frame, substantially as and for the purpose shown," cannot, in view of the state of the art, and of the course of proceeding in the Patent Office on the application for the patent, be so construed as to cover a protector which does not have the yielding, elastic or resilient function described in the specification.

The defendant's protector, constructed in accordance with letters patent No. 255,555, granted to Charles H. Williams, March 28th, 1882, and having no yielding or resilient function, and not being pivoted, or folding down, after the manner of the Gorham protector, does not infringe claim 3.

IN EQUITY for the infringement of letters patent. The case is stated in the opinion.

*Mr. George H. Christy*, with whom was *Mr. J. Snowden Bell* on the brief, for appellants.

*Mr. James Parsons* and *Mr. Furman Sheppard*, for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity, brought by the administrators of John H. Gorham, deceased, against Edwin K. Burgess, in the Circuit Court of the United States for the Eastern District of Pennsylvania, to recover for the alleged infringement of letters patent No. 223,338, granted to John M. Gorham, January 6, 1880, for an improvement in wash-board frames.

The following is a copy of the specification and drawings of the patent: "To all whom it may concern: Be it known that I, John M. Gorham, of Cleveland, in the county of Cuyahoga and State of Ohio, have invented certain new and useful improvements in wash-board frames; and I do hereby declare the following to be a full, clear, and exact description of the invention, such as will enable others skilled in the art to which it pertains to make and use it, reference being had to the accompanying drawings, which form part of this specification.

"My invention relates to wash-boards, particularly to the combination, with a wash-board, of a protector constructed to bend or yield to pressure and to return to position when said pressure is removed. This protector is to shield the person of the washer from splashing water or suds.

"Protectors have been heretofore employed in connection with wash-boards, and they have been of but two general types — one wherein the protector is rigid and rigidly attached to the wash-board frame. A protector thus constructed and attached is not capable of yielding or moving from its position, when the body of the operator presses against it; and it is on this account frequently objected to. The second type is when the protector is attached to the wash-board frame by a joint or pivot, and is allowed a swinging movement; but it

possesses no elastic or resilient quality or function, and, when moved by pressure, has no power to return again to normal position when said pressure is removed. My invention is designed to overcome the objections and defects presented in these two old types of protectors; and, as said invention broadly comprehends any wash-board protector constructed to bend or yield to pressure and to return to position when said pressure is removed, it is apparent that I am not to be confined to any specific form or mere construction of device, inasmuch as a variety of modified mechanical structures may be adopted in embodying my said invention. I will, however, illustrate and describe one or two effective forms of device according to this invention.

"In the drawings, Fig. 1 illustrates a wash-board and its protector made according to my invention. This figure is in longitudinal vertical section, and it represents the protector as laid down upon the face of the board, as packed for shipment. Fig. 2 is a similar view of the same device, only the protector is shown as freed and sprung out into operative position. Fig. 3 is a front view of the device as shown in Fig. 2. Fig. 4 represents a modified form of my device, wherein the protector, instead of being formed from a rigid piece and elastically pivoted to the frame, as shown in Figs. 1, 2 and 3, is made from a piece of rubber, spring metal, or equivalent material susceptible of itself yielding and returning to position, and this is rigidly fixed to the wash-board frame, as shown. Fig. 5 shows another modified embodiment of my invention, merely illustrating a different spring-coupler, C', from that shown in Figs. 1, 2 and 3.

"A is the wash-board frame, which may be of any size, description, or material. B is the rubbing-surface, which may also be of any character.

"C is the protector, and C' a spring, which may be either a coupler between the protector and wash-board frame, as shown in Fig. 5 of the drawings, or the protector may be pivoted to the frame and the spring C' act to push or pull the protector into the position illustrated in Figs. 2 and 3.

"The construction of the device shown in Fig. 4 I have

Opinion of the Court.

already sufficiently specified in the preceding explanation of the drawings.

"The operation of my device is readily understood. The spring C', or the elastic character of the thing itself, as shown in Fig. 4, serves always to keep the protector in operative position. (See Figs. 2 and 3.) When the body of the operator presses against it, it yields in such a way as at the same time to press snugly against her person, and also to return at all times to position when said pressure is removed. It thus becomes very effective as a protector, while at the same time it is not wearing to the person or clothes of the operator.

"Another peculiar feature of my wash-board is the flat manner in which it can be packed, as shown in Fig. 1 of the drawings. This is a great convenience and advantage in packing for shipment; and, moreover, when thus packed, the protector is itself protected from injury to which it would otherwise be exposed. This is accomplished by locating the protector, as shown in Figs. 1, 2 and 3 of the drawings, below the crown-piece and between the side pieces of the frame."

The claims of the patent are three in number, as follows: "1. In combination with a wash-board, a protector constructed substantially as described, so as to yield to pressure and to return to position when said pressure is relieved, substantially as and for the purpose shown. 2. The combination, with a wash-board, of a protector and a spring, said spring interposed between the wash-board and protector, and constructed to operate in retaining said protector in its open position and to return it to that position when removed therefrom. 3. In combination with a wash-board, a protector located below the crown-piece and between the side pieces of the wash-board frame, and constructed to fold down into or upon said wash-board even with or below the general plane of said wash-board frame, substantially as and for the purpose shown." Only claim 3 is alleged to have been infringed.

The defences set up were want of novelty and non-infringement. Several prior patents were introduced in evidence, as bearing upon the question of the proper construction of claim 3, and upon the question of infringement. They are No.

8161, to William T. Barnes, June 17, 1851; No. 127,325, to John Epeneter and Bernhardt Grahl, May 28, 1872; No. 146,433, to James A. Cole, January 13, 1874; No. 150,315, to Anna Frike, April 28, 1874; and No. 222,846, to Wyatt M. Stevens, December 23, 1879. The Circuit Court dismissed the bill and the plaintiffs have appealed.

The specification of the Gorham patent clearly shows that the protector whose combination with a wash-board is the subject of the invention, is a protector constructed to bend or yield to pressure, and to return to its position when such pressure is removed, in contradistinction to a protector which is rigid and is rigidly attached to the wash-board frame; and also in contradistinction to a protector which is attached to the wash-board frame by a joint or pivot, and is allowed a swinging movement, but possesses no elastic or resilient function, and, when moved by pressure, has no power to return again to its normal position, when such pressure is removed. The specification states that the invention of Gorham is designed to overcome the defects presented in those two old types of protectors. The invention does not comprehend a protector which is not constructed so as to bend or yield to pressure, and to return to its position when such pressure is removed. The description and drawings of the Gorham protector are limited to such a construction, and do not show or indicate any other.

The operation of the device is stated in the specification to be such, that the spring, or the elastic character of the protector itself, serves always to keep the protector in operative position, because it yields to pressure against it in such a way as always to press snugly against the person, and to return at all times to position when such pressure is removed. This feature of the protector is not claimed to have been infringed by the defendant. The defendant's protector, constructed in accordance with the description contained in letters patent No. 255,555, granted to Charles H. Williams, March 28, 1882, has no spring and no elastic or resilient quality, does not yield to pressure, and has no capacity of returning automatically to its normal position.

In the defendant's structure, the ordinary cap-piece of the wash-board has a rounded exterior surface, and its inner surface performs the function of a protector. Upon the upper edge of such cap-piece is mounted a supplemental protector, the two parts being locked rigidly together by a tongue-and-groove joint. From the ends of the supplemental protector are extended rigid arms, which are slotted and connected to the side pieces of the frame by means of pins, one of which passes through each slot. By removing the supplemental protector from the cap-piece, it can be placed between the side pieces of the frame, so as to stand edgewise therein, by drawing it slightly backward, by then raising it slightly; by then advancing it to the front, and by then dropping it and placing it edgewise within the frame. In this latter position, the structure is adapted for packing. Not only is the defendant's protector without any yielding or resilient function, but it is not pivoted after the manner of the Gorham protector, nor does it fold down in the manner of the Gorham protector, in the sense of the words "fold down," as used in claim 3 of the Gorham patent.

The contention of the plaintiff is, that claim 3 of the patent does not require, as an element of the combination covered by it, that the protector should have any yielding, elastic, or resilient function, or should be accompanied by a spring; but that it is sufficient if, by any mechanism, it can be so disposed of as to be packed away for convenience in shipment, or for other purposes, in a flat manner, in the vacant space in which it is packed; and that, as the defendant's protector is to a large extent packed away in the same vacant space, claim 3 is infringed. It may be questionable whether, if the claim were to be construed thus broadly, it would not be for merely a new use of a device before used in many things besides wash-boards.

But, in view of the state of the art, as shown by the patents above referred to, and in view of the course of proceeding in the Patent Office on the application for the Gorham patent, we are of opinion that claim 3 of that patent cannot be so construed as to cover a protector which does not have the

yielding, elastic, or resilient function of the Gorham protector, and is not accompanied by a spring or constructed substantially according to the description in the Gorham specification. Gorham evidently had no idea of such a construction as that of the Williams patent, found in the defendant's wash-board; and no person could, by following the description in the Gorham specification, arrive at the defendant's structure.

Claim 3 of the Gorham patent requires that the protector shall be "constructed to fold down," "substantially as" "shown." The defendant's protector is not constructed to fold down in the manner of the Gorham protector, and is not constructed substantially as shown in the Gorham specification.

The decree of the Circuit Court is

*Affirmed.*